Steven **SALYERS**, Plaintiff–Appellant,

v.

**BRENNAN BUILDERS, INC.** et al., Defendants–Appellees.

No. 15–3376.

United States Court of Appeals, Sixth Circuit.

Dec. 16, 2015.

Before: MOORE, CLAY, and GILMAN, Circuit Judges.

OPINION

RONALD LEE GILMAN, Circuit Judge.

Steven Salyers is a former employee of Brennan Builders, Inc. (BBI), a now-dissolved construction company based in Cincinnati, Ohio. He claims that the company's owner, Terry Brennan, orally agreed in 2006 to transfer full ownership of BBI to Salyers at an unspecified future date, under unspecified terms, and at no cost to Salyers, all in exchange for Salyers's "best efforts" as an employee. Despite four years of repeated overtures by Salyers, however, Brennan never provided either oral or written confirmation regarding the terms of such an agreement. Salyers subsequently filed suit against BBI and Brennan, alleging breach of contract, estoppel, fraud, wrongful discharge in violation of public policy, and individual liability against Brennan as BBI's "alter ego." The United States District Court for the Southern District of Ohio granted summary judgment in favor of both BBI and Brennan on all of Salyers's claims.

Salyers appeals, arguing that the district court improperly weighed the evidence and resolved disputed facts in favor of Brennan and BBI. His argument largely relies on this court's holding in *Arnold Palmer Golf Company v. Fuqua Industries, Inc.,* 541 F.2d 584 (6th Cir.1976), which stated that "the question whether the parties intended a contract is a factual one, not a legal one, and, except in the clearest cases, the question is for the finder of fact to resolve." *Id.* at 588.

After carefully considering the record on appeal, the briefs of the parties, and the

applicable law, and having had the benefit of oral argument, we conclude that this is one of those "clearest cases" in which summary judgment is appropriate. *See id.* Even when construed in the light most favorable to Salyers, the facts plainly show that no reasonable juror could find that an enforceable contract to sell BBI existed between Salyers and Brennan as a result of their 2006 conversation. Nor could a reasonable juror find that Salyers reasonably relied on Brennan's vague assurances regarding a future transfer of ownership. This is fatal to Salyers's promissory estoppel and fraud claims. We further agree with the district court that Salyers was not wrongfully discharged, and that BBI was not Brennan's alter ego. Because the reasoning that supports the judgment for Brennan and BBI on all of Salyers's claims has been clearly and comprehensively articulated by Magistrate Judge Stephanie K. Bowman in her 34–page Report and Recommendation, the issuance of a detailed written opinion by us would be unduly duplicative and serve no jurisprudential purpose. The judgment rendered by the United States District Court for the Southern District of Ohio is therefore affirmed on the basis of the reasoning detailed in Magistrate Judge Bowman's Report and Recommendation dated February 5, 2015.